UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

————————————————————————X

DAIWA SECURITIES AMERICA, INC.,

                       Plaintiff,

               -against-

THE GRANDE HOLDINGS LIMITED,

                       Defendant.

————————————————————————X

FOR ONLINE
PUBLICATION ONLY

MEMORANDUM
AND ORDER
98-CV-336 (JG) (JO)

A P P E A R A N C E S :

       KRAMER LEVIN NAFTALIS & FRANKEL LLP
            919 Third Avenue
            New York, NY 10022
       By:   Gary P. Naftalis
            Stephen M. Sinaiko
            Attorneys for Plaintiff

       SIDLEY AUSTIN LLP
            787 Seventh Avenue
            New York, NY 10019-6018
       By:   James D. Arden
            Attorneys for Defendant

JOHN GLEESON, United States District Judge:

        Plaintiff Daiwa Securities America, Inc. ("Daiwa") sues The Grande Holdings

Ltd. ("Grande") seeking indemnification for legal defense costs it incurred in connection with

*Fred Kayne, et al. v. MTC Electronic Technologies Co., Ltd., et al.* (*Kayne*), No. 95 CV 2499

(JG) (JO) (E.D.N.Y. Dec. 19, 2005). Grande moves for judgment on the pleadings, claiming that

the terms of a mutual bar order entered in *Kayne* prevent Daiwa from making any claims for

indemnification. Daiwa claims that the language of the *Kayne* bar order only precludes claims

for indemnification based on Daiwa's liability to the *Kayne* plaintiffs, not claims for

indemnification based on Daiwa's defense costs. For the reasons stated below, Grande's motion

for judgment on the pleadings is denied.

## BACKGROUND

Beginning in 1993, Daiwa -- an underwriter for the electronics manufacturing

company MTC -- has been a named co-defendant in several class and individual actions alleging

securities fraud on the part of MTC in violation of Section 10(b) of the Securities Exchange Act

of 1934, 15 U.S.C. § 78j(b). *See, e.g.*, *In re MTC Electronic Technologies Shareholder

Litigation*, No. 93 CV 876 (JG)(CLP) (E.D.N.Y. Dec. 19, 2005); *Sun Yung Kim v. Miko Leung,

et al.*, No. 94 CV 5744 (JG)(JO) (E.D.N.Y. Mar. 11, 1998); *Todd Ellis, et al., v. Miko Leung, et

al.*, No. 94 CV 1763 (E.D.N.Y. Apr. 26, 2002); *Fred Kayne, et al., v. MTC Electronic

Technologies Co. Ltd., et al.* (*Kayne*), No. 95 CV 2499 (JG)(JO) (E.D.N.Y. Dec. 19, 2005). The

plaintiffs allege that MTC fraudulently misrepresented the scope of its sales in China, leading to

an increase in MTC stock values and, eventually, millions of dollars in losses to investors.

Daiwa brought cross-claims against MTC for indemnity and contribution pursuant to Letter

Agreements with MTC, the Underwriting Agreement, and securities laws.

In the instant action filed on January 20, 1998, Daiwa alleges that Grande, as

MTC's largest single shareholder, took control of MTC's board of directors, stripped MTC of its

assets, and misappropriated the assets for itself in order to render MTC judgment-proof and

unable to satisfy its indemnification obligations pursuant to its agreements with Daiwa. Compl.

¶¶ 10-11. Daiwa also argues that after a 1994 proxy contest between Grande and MTC,

Grande's slate of directors effectively became MTC directors and Grande exercised complete

dominion and control over MTC as its largest single shareholder.  Compl. ¶¶ 21-23.  In 1995,

MTC changed its name to GrandeTel Technologies Inc., which Daiwa cites as "the most public

recognition of the fact that Grande now controls MTC."  *Id.* ¶ 29.  In total, Daiwa alleges that

Grande siphoned $19.7 million away from MTC.  In light of the pervasive control that Grande

exercised over MTC, Daiwa seeks to "pierce the corporate veil" and hold Grande responsible for

its indemnity claims against MTC.

However, while Daiwa's action against Grande was pending, the other suits were

proceeding apace.  In the related *Kayne* case, 95 CV 2499 (JG)(JO), the plaintiff class settled

with defendants BDO Dunwoody ("BDO"), HSBC Bank Canada ("HSBC"), and HSBC

executive Ron Driol, and I entered a bar order preventing non-settling co-defendants from

making any claims against BDO related to this litigation.[1]  Non-settling defendants, including

Daiwa, appealed that order, seeking, *inter alia*, (1) to modify the bar order to block claims for

contribution and indemnity only, and (2) to impose a reciprocal bar on BDO.[2]  The court of

---

[1]    The purpose of the bar order is to allow a settling defendant to pay a sum certain in settlement of its claims without the risk of being pursued for contribution or indemnity by non-settling defendants who are found liable at trial. *See In re Masters Mates & Pilots Pension Plan & IRAP Litigation*, 957 F.2d 1020, 1030-31 (2d Cir. 1992) (approving properly tailored bar orders).  Without a bar order, one defendant in a multi-defendant case would be unable to eliminate the risk of an unfavorable jury verdict by settling, as it would not be able to prevent non-settling defendants from seeking contribution or indemnity.  This would be a disincentive to partial settlement in multi-defendant cases. *See id.* at 1029 ("If a nonsettling defendant against whom a judgment had been entered were allowed to seek payment from a defendant who had settled, then settlement would not bring the latter much peace of mind.").  In actions originating before December 22, 1995 -- such as the *Kayne* litigation -- the PSLRA does not apply, *see Gerber v. MTC Elec. Techs. Co., Ltd.*, 329 F.3d 297, 309-10 (2d Cir. 2003), and courts' authority to enter bar orders in such actions derives from federal common law. *See, e.g.*, *In re Jiffy Lube Securities Litig.*, 927 F.2d 155, 160 n.2 (4th Cir. 1991) ("Federal securities law, however, does not provide [for a bar order]. Federal courts have thus imposed the bar as a matter of federal common law, finding that a fair and equitable settlement bars implied rights of contribution for federal securities claims.").

[2]    The purpose of a reciprocal bar is to protect non-settling defendants from contribution or indemnity claims made by defendants who pay more at settlement than they are adjudged to be liable for at trial.  A mutual bar order thus avoids the risk of collusion between plaintiffs and settling defendants, each of whom would

appeals held that Daiwa and other non-settling defendants were entitled to a modification of the

bar order. *Gerber v. MTC Elec. Techs. Co., Ltd.*, 329 F.3d 297, 307 (2d Cir. 2003). The only

claims BDO could properly extinguish, the court found, were those for damages based on the

non-settling defendant's liability to the plaintiffs. *Id.* at 306-07 ("[A] modification to the bar

orders is necessary to ensure that the only claims that are extinguished are claims where the

injury is the non-settling defendants' liability to the plaintiffs."). The Circuit modified the BDO

bar order to read as follows:

> Each of the Non-Settling Defendants is hereby permanently
> BARRED, ENJOINED, and RESTRAINED from commencing,
> prosecuting, or asserting any claim *for indemnity or contribution*
> against BDO *(or any other claim against BDO where the injury to
> the Non-Settling Defendant is the Non-Settling Defendant's
> liability to the plaintiffs)*, arising or reasonably flowing from the
> claims or allegations in the *Kayne* action, whether arising under
> state, federal, or foreign law as claims, cross-claims,
> counterclaims, or third-party claims, in the *Kayne* action, in this
> Court, in any federal or state court, or in any other court,
> arbitration proceeding, administrative agency, or other forum in the
> United States, Canada, or elsewhere (collectively, the "Barred
> Claims"). These Barred Claims include, but are not limited to, any
> and all claims arising out of or reasonably flowing from "comfort
> letters" issued to Non-Settling Defendant Daiwa by BDO in
> connection with MTC, *to the extent that the injury to the Non-
> Settling Defendant under any such claim is its liability to the
> Kayne plaintiffs*.

*Id.* at 307 (italics signify additions). The Circuit remanded the matter to me to determine

whether the bar order should be mutual (that is, whether it should incorporate a reciprocal bar

against BDO). *Id.* at 309.

---

otherwise have an incentive to minimize the comparative fault of the settling defendant at trial. *See generally In re
MTC Elec. Techs. Shareholder Litig.*, No. 93 CV 876 (JG)(CLP), 2005 WL 1322889, at *3-*4 (E.D.N.Y. May 31,
2005) (considering merits of mutual bar order).

On remand, Daiwa argued that the BDO bar order should be mutual. It also sought approval for a mutual bar order in its own settlement with the *Kayne* plaintiffs. The proposed Daiwa bar order used language which was essentially identical -- with one omission detailed below -- to the BDO bar order as modified by the court of appeals in *Gerber*. The relevant passage reads:

> [Daiwa] is hereby permanently barred, enjoined and restrained from commencing, prosecuting, or asserting any claim for indemnity or contribution (or any other claim where the injury to [Daiwa] is [Daiwa]'s liability to the Plaintiffs), arising out of or reasonably flowing from the claims or allegations in *Kayne*, whether arising under state, federal or foreign law as claims, cross-claims, counterclaims, or third party claims, in *Kayne*, in this Court, in any federal or state court, or in any court, arbitration proceeding, administrative agency or forum in the United States, Canada or elsewhere, or in any other manner, including but not limited to offset.

Arden Aff. Ex. B 4. Daiwa requested that the Daiwa bar order be made non-mutual only if I determined that the BDO bar order should be made non-mutual. *In re MTC*, 2005 WL 1322889, at *3. I determined that the BDO bar order should be mutual, *id.* at *5, and approved the Daiwa bar order as a mutual bar order, *id.* at *1.

Grande now seeks to invoke the Daiwa bar order to prevent Daiwa from seeking indemnity against it in this action. Daiwa argues that the bar order does not preclude all claims for indemnity, only claims for indemnity where the injury to Daiwa is Daiwa's liability to the *Kayne* plaintiffs. Daiwa argues that the bar order leaves it free to seek indemnity where the injury is Daiwa's defense costs.

DISCUSSION

Grande argues that the plain language of the bar order prevents Daiwa from maintaining this action. Grande reasons that any contractual right that Daiwa may have to indemnity for its defense fees in the *Kayne* action is a claim "arising out of or reasonably flowing from the claims and allegations in *Kayne*." Arden Aff. Ex. B 4. As the bar order precludes Daiwa from "commencing, prosecuting, or asserting any claim for indemnity or contribution (or any other claim where the injury to [Daiwa] is [Daiwa]'s liability to [the *Kayne* plaintiffs]) arising out of or reasonably flowing from the claims and allegations in *Kayne*," Arden Aff. Ex. B 4, Grande concludes that Daiwa may not proceed.

Daiwa argues that the parenthetical "(or any other claim where the injury to [Daiwa] is [Daiwa]'s liability to [the *Kayne* plaintiffs])" renders the bar order applicable only to claims for contribution or indemnity where the injury to Daiwa is Daiwa's liability to the Kayne plaintiffs. Grande notes that the parenthetical is set off by an "or," and thus does not constitute an additional condition on the bar on claims of contribution or indemnity. Daiwa's response is that the parenthetical is not an additional condition, but is evidence that "any claim for contribution or indemnity" has a special limited meaning in this order, one that encompasses not *any* claim for contribution or indemnity but only those where the injury is Daiwa's liability. In support of this interpretation, Daiwa argues that the word "other" would be surplusage if claims for indemnity or contribution were not *also* claims "where the injury to [Daiwa] is [Daiwa]'s liability to [the *Kayne* plaintiffs]." That is, Daiwa reads the parenthetical as saying, "(or any other member of the class of claims in which the injury to Daiwa is Daiwa's liability to the *Kayne* plaintiffs)." If this were the best reading of the parenthetical, it would provide strong

6

evidence that "any claim for contribution or indemnity" only referred to claims for contribution

or indemnity where the injury was Daiwa's liability.

Grande does not directly address Daiwa's reading of the parenthetical, but appears

to read the parenthetical as saying, "(or any other claim, if that other claim is one in which the

injury to Daiwa is Daiwa's liability to the *Kayne* plaintiffs)." Daiwa argues that Grande's

reading would render the word "other" surplusage, but I disagree. If the parties had intended, as

Grande contends, to bar all claims for contribution and indemnity and also all claims where the

injury was Daiwa's liability, putting the word "other" in the parenthetical would avoid the

confusing implication that claims for contribution and indemnity are not claims where the injury

was Daiwa's liability. If the bar order was an agreement written on a blank slate, the natural

reading of it would not necessarily be Daiwa's.

However, the bar order was not written on a blank slate. The Second Circuit in

*Gerber* explicitly sought to preserve the very type of claims against BDO that Daiwa now seeks

to bring against Grande:

> It may well be, as BDO argues, that the non-settling defendants are
> only damaged to the extent they are liable to the plaintiffs in the
> underlying litigation. If, however, Daiwa were to prove that it
> sustained independent reputational damages or *losses relating to
> the cost of defense arising out of a breached contractual or
> fiduciary relationship* with BDO, it has not been compensated for
> those losses by the judgment credit, and *any such claims should
> not be extinguished*.

*Gerber*, 329 F.3d at 306 (emphasis added). The language the Circuit chose to accomplish this

was to change "any claim against BDO" to "any claim for indemnity or contribution against

BDO (or any other claim against BDO where the injury to the Non-Settling Defendant is the

7

Non-Settling Defendant's liability to the plaintiffs)." *Id.* at 307. Daiwa obviously relied on directly analogous language -- "any claim for indemnity or contribution (or any other claim where the injury to [Daiwa] is [Daiwa]'s liability to [the *Kayne* plaintiffs])," Arden Aff. Ex. B 4 -- to preserve the analogous right to sue for "losses relating to the cost of defense arising out of a breached contractual or fiduciary relationship," *Gerber*, 329 F.3d at 306. Given the court of appeals' explicit intention to "ensure that the only claims that are extinguished are claims where the injury is the non-settling defendants' liability to the plaintiffs," *id.* at 307, and the parties' evident reliance on precisely the language the court chose to accomplish this end, I am convinced that the parties used "indemnity or contribution" as a shorthand to refer to claims for indemnity or contribution that were based on Daiwa's liability to the plaintiffs.

Grande responds that the Daiwa bar order omitted other language from the BDO bar order, and contends that this missing language is what accounts for the difference in effect between the two bar orders. The Daiwa bar order did not include the sentence, "These Barred Claims include, but are not limited to, any and all claims arising out of or reasonably flowing from 'comfort letters' issued to Non-Settling Defendant Daiwa by BDO in connection with MTC, *to the extent that the injury to the Non-Settling Defendant under any such claim is its liability to the Kayne plaintiffs*." *Id.* (italics signify additions); *cf.* Arden Aff. Ex. B 4 (not including analogous language).

However, this missing sentence could not have accomplished what the Second Circuit achieved in *Gerber*. The language added by the court (*i.e.*, the italicized language in the foregoing quotation) preserves claims for damage other than the non-settling defendant's liability, but only does so with respect to claims arising out of BDO's comfort letters. This

8

language does nothing to preserve claims for damage other than the non-settling defendant's

liability if those claims do not arise out of or reasonably flow from comfort letters. As the

Circuit clearly sought to preserve such claims, *see Gerber*, 329 F.3d at 307 ("[A] modification to

the bar orders is necessary to ensure that the *only* claims that are extinguished are claims where

the injury is the non-settling defendant's liability to the plaintiffs." (emphasis added)), it must

have relied on other language to do so. The defendants argue the language Daiwa omitted is not

surplusage, as the court of appeals saw fit to include it. But if the court of appeals had not

specifically limited the bar order with respect to claims based on comfort letters, the order's

specific mention of such claims would have extinguished all claims based on the comfort letters.

In Daiwa's case, there was no specific mention of claims based on comfort letters in the order,

and so there was no need to specifically limit the bar on such claims. Accordingly, the omission

of this sentence does not alter the effect of the Daiwa bar order.

There is a more fundamental flaw in Grande's position. The Daiwa bar order was

a mutual bar order. Daiwa barred non-settling defendants on exactly the same terms as it barred

itself.[3] If Grande's textual reading of the bar order against Daiwa were correct, it would apply

with equal force to the bar order against the non-settling defendants. But the court of appeals in

---

[3] The bar against the non-settling defendants reads as follows:

> Each of the Non-Settling Defendants is hereby permanently barred, enjoined and
> restrained from commencing, prosecuting, or asserting any claim for indemnity
> or contribution against DSA (or any other claim against DSA where the injury to
> the Non-Settling Defendant is the Non-Settling Defendant's liability to the
> Plaintiffs), arising out of or reasonably flowing from the claims or allegations in
> *Kayne*, whether arising under state, federal or foreign law as claims, cross-
> claims, counterclaims, or third party claims, in *Kayne*, in this Court, in any
> federal or state court, or in any other court, arbitration proceeding,
> administrative agency or forum in the United States, Canada or elsewhere, or in
> any other manner, including but not limited to offset.

Arden Aff. Ex. B 4.

*Gerber* held that fairness to non-settling defendants requires that they not be barred from bringing claims other than those where the injury is their liability. *Id.* at 306-07. If Grande's reading were correct, non-settling defendants would have grounds to appeal the bar order against them, and would be entitled to have it modified under *Gerber*.[4] The irony of this result, considering that the language they would be modifying under *Gerber* is precisely the language supplied by *Gerber*, is further evidence that Grande misreads the bar order.

CONCLUSION

For the reasons set forth above, the motion for judgment on the pleadings is denied.


So ordered.


John Gleeson, U.S.D.J.



Dated: November 20, 2007
       Brooklyn, New York

---

[4]      Even beyond the fact that *Gerber* is part of the same litigation that generated the Daiwa bar order, the Circuit's logic is inescapable: A plaintiff and a defendant have no authority to agree between themselves to extinguish a second defendant's claim against the first defendant, except that by extinguishing the first defendant's liability they can through a judgment credit reduce the amount for which the second defendant can be held jointly and severally liable. Since the second defendant is protected against that portion of joint and several liability by the judgment credit, it is proper to extinguish a cause of action that seeks only to recover this liability. However, injuries other than the second defendant's liability are not compensated by a judgment credit and thus cannot be extinguished through a bar order. *See generally Gerber*, 329 F.2d at 305-07 (discussing reasons bar orders cannot bar independent damages); *see also Denney v. Deutsche Bank AG*, 443 F.3d 253, 273-75 (2d Cir. 2006) (similar).